**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Armando Flores, et al., | ) |
| Plaintiffs, | ) No. CV-06-2675-PHX-PGR |
| vs. | ) |
| Metro Valley Painting Corporation, et al., | ) ORDER |
| Defendants. | ) |

Among the motions pending before the Court is the defendants' Motion to Strike Consent to Join Forms Filed March 16, 2007 and Clarify the Number of Joined Plaintiffs (doc. #54).[1]  Having considered the parties' memoranda, the Court finds that the motion should be granted in part and denied in part.[2]

This is a collective action filed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), wherein the defendants are alleged to have failed to pay

---

[1] The other pending motions will be resolved through separate orders.

[2] While the defendants correctly note that the plaintiff's response was untimely filed by several days without any request for an extension of time, a practice of which the Court disapproves, the Court has considered the response because the minimal delay did not prejudice the defendants and the Court wishes to resolve the defendants' motion on its merits.

overtime wages to various current and former employees. On March 16, 2007, the plaintiffs filed consent to join forms for 55 opt-in plaintiffs (doc. #21). On August 35, 2007, the Court entered an order (doc. #35), based on the parties' stipulation, that set forth the opt-in procedure for "any potential Plaintiff who wishes to join this lawsuit," which included a stipulated format for the consent to join forms.

The defendants now argue that the stipulated order meant that each of those 55 persons who previously signed consent to join forms had to sign the two Court-approved consent forms in order to be considered an opt-in plaintiff, and that since none of those 55 persons did so prior to the conclusion of the opt-in period, their previous consent forms should be stricken and they should not be considered to be opt-in plaintiffs.[3] Under the defendants' view, the only proper plaintiffs to this action are the remaining named plaintiffs and the three opt-in plaintiffs who timely and properly filed the Court-approved consent to join forms. The plaintiffs argue that it was their understanding that the stipulation, drafted by the defendants' counsel, was meant to apply only to persons who opted-in after the entry of the Court's order and was not meant to apply to the 55 persons who had already opted-in.

---

[3] The defendants also argue that six of the 55 opt-in plaintiffs, *i.e.* Juan Campa R., Manuel Campa R., Cesar Perez T., Juan Manuel Ramirez, Emigdio A. Perez Torres, and Martin Tovar, should be stricken on the separate ground that their consent to join forms refer to claims against non-party Bean Drywall, Inc. Since the plaintiffs concede that the consent forms for these six opt-in plaintiffs were filed in error in this action, the Court will strike them and dismiss those persons as opt-in plaintiffs. The Court wishes to note, however, that it finds it to be inexplicable why the parties' counsel could not have informally resolved such an obvious error simply by communicating with each other and stipulating to the withdrawal of those persons from this action.

The Court agrees with the plaintiffs as it was not the Court's intention that its August 2nd order should apply to anyone who had opted-in prior to the issuance of the order. That order, by its terms, applied only to those current and former employees who wished to join this action. Under the FLSA, an employee becomes a party plaintiff to a collective action once he gives his consent in writing to becoming a party and that consent is filed with the court in which the action is brought. 29 U.S.C. § 216(b).  Since the consent to join forms of the 55 persons at issue were filed on March 16, 2007, those persons became opt-in plaintiffs as of that date, and, as such, they were no longer "potential" plaintiffs covered by the Court's August 2nd order.[4]

The defendants also argue that six of the 55 prior opt-in consents are invalid because the signatories are allegedly Spanish-speaking individuals who did not understand the English language forms they signed.[5] The Court declines at this time to dismiss any of these individuals from this action due to the incompleteness of the record. If any of these individuals believe that they were duped into signing the consent to join forms, they may either voluntarily withdraw their consents, or the defendants may attempt through an appropriate evidentiary process to show that these individuals did not in fact knowingly seek to join this

---

[4] As the defendants recognize, the FLSA does not prohibit employees from signing consent to join forms prior to the entry of a court order facilitating notice of the collective action. *See e.g.*, Wertheim v. State of Arizona, 1993 WL 603552 (D.Ariz. Sept. 30, 1993) (Court rejected employer's argument that the FLSA forbids the filing of consent to join forms prior to the court authorizing notice.)

[5] These individuals are Efrain A. Lopez, Ramon Velasquez, Arriosto Burguett, Ricardo Leyva, Jose Arradondo, and Arturo Rangel.

action as opt-in plaintiffs.[6]

Therefore,

IT IS ORDERED that the defendants' Motion to Strike Consent to Join Forms Filed March 16, 2007 and Clarify the Number of Joined Plaintiffs (doc. #54) is granted in part and denied in part. The motion is granted to the extent that the consent to join forms of opt-in plaintiffs Juan Campa R., Manuel Campa R., Cesar Perez T., Juan Manuel Ramirez, Emigdio A. Perez Torres, and Martin Tovar (Exhibits J, K, PP, QQ, AAA, and BBB, respectively, to doc. #21-2) are stricken from the record and that these persons are dismissed as opt-in plaintiffs in this action, and the motion is denied in all other respects.

DATED this 7th day of October, 2008.

Paul G. Rosenblatt
United States District Judge

---

[6] The defendants' additional argument that Trinidad Carlos Hernandez should be dismissed as an opt-in plaintiff was mooted by the stipulated dismissal of Mr. Hernandez on June 30, 2008 (doc. #93).