**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Flores, et al. )<br>)<br>      Plaintiff, )<br>   vs. )<br>)<br>Metro Valley Painting Corporation, et )<br>al., )<br>)<br>      Defendants. ) | No. CV-06-2675-PHX-PGR<br><br>ORDER |

Among the motions pending before the Court is Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause re Entry of Preliminary Injunction (doc. #66), which the Court, due to the apparent lack of urgency of the situation and the passage of time, construes as an application for preliminary injunction. Having considered the parties' memoranda in light of the record, the Court finds that the plaintiffs have not shown that they are entitled to preliminary injunctive relief.

One of the named plaintiffs in this collective action seeking overtime pay pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), is Jesus Covarrubias. The plaintiffs, alleging in effect that the defendants violated the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), argue that the defendants had Mr. Covarrubias, who apparently was working in this country

illegally, arrested for using false identity papers after he participated in picketing activities outside of the defendants' office.  As a result of Mr. Covarrubias' arrest, the plaintiffs seek an order enjoining the defendants and their agents from "contacting or communicating with, in any way, any local, state or federal government official or agency, including, but not limited to the United States Department of Labor, the Immigration and Naturalization Service [sic - Immigration and Customs Enforcement], and Arizona law enforcement officials regarding Plaintiffs, or any of them, or any current and former employees[.]"

While the parties disagree about the role that certain employees of defendant Metro Valley Painting Corporation played in the circumstances surrounding the arrest of Mr. Covarrubias by the Mesa Police Department, that is not an issue that the Court need resolve at this time.  The determinative issue is whether the plaintiffs have met their burden of persuading the Court that injunctive relief is necessary to forestall any future violation by the defendants of the rights of named and opt-in plaintiffs.  The Court concludes that they have not.

In order to obtain a preliminary injunction, a party must make a clear showing of either (1) a combination of probable success on the merits and a possibility of irreparable injury, or (2) that its claims raise serious questions as to the merits and that the balance of hardships tips in its favor.  Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 881 (9th Cir.2003). The gist of the plaintiffs' contention is that the defendants retaliated against Mr. Covarrubias for his role in this FLSA lawsuit and that, unless enjoined, they will continue to act in such a manner as to chill the First Amendment free speech and associational rights of other plaintiffs and potential plaintiffs.  But even assuming

that Metro Valley employees instigated the arrest of Mr. Covarrubias, the Court cannot conclude that injunctive relief is thereby warranted.  First, the plaintiffs have not to date shown that they will probably prevail on the merits of any retaliation claim because the current record does not establish any close temporal connection between the filing of this action on November 6, 2006 and the first contact with the police about Mr. Covarrubias on February 1, 2008.  Second, the plaintiffs have not shown that there is any reasonable likelihood of any further retaliation against Mr. Covarrubias by the defendants given that he is no longer employed by the defendants and is apparently in the custody of federal immigration officials.  Third, the plaintiffs have not shown that there is a reasonable likelihood that Mr. Covarrubias' arrest will deter any other persons from joining this action as the opt-in period closed on October 31, 2007, which was prior to any of the actions now at issue.  Fourth, the plaintiffs have not shown that the defendants have to date in any way retaliated against any other plaintiff in this action.  Fifth, and most importantly, the plaintiffs have not shown that there is any reasonable likelihood that the defendants' conduct to date foreshadows any future attempt on their part to retaliate against any other plaintiffs who may exercise their First Amendment rights of association and free speech.  As the Supreme Court has made clear, the sole purpose of an action for injunctive relief is to forestall future violations.  United States v. W.T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 897-98 (1953).

Also pending before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint (doc. #63), as supplemented (doc. #68), wherein the plaintiffs seek leave pursuant to Fed.R.Civ.P. 15(d) to add a supplemental claim alleging that the defendants' instigation of the arrest of Mr. Covarrubias violated

the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3).  The defendants oppose the proposed amendment.  Having reviewed the parties' memoranda in light of the record, the Court, in the exercise of its sound discretion, finds that the plaintiffs' motion should be denied.

While leave to permit a supplemental pleading under Rule 15(d) is favored, a supplemental claim is improper if it introduces a "separate, distinct and new cause of action" that more appropriately should be the subject of a separate action. Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir.1997).  While the proposed retaliation claim is to some limited degree related to the original overtime pay claims set forth in this collective action, it is very much a separate and distinct claim affecting a single individual and involving different elements and damages formulations.  In light of that, and the resulting prejudice to the defendants that would arise from the addition of such a separate and distinct claim at this stage of the proceedings, the Court does not believe it would be in the interests of judicial economy to permit the inclusion of the retaliation claim into this overtime pay action.

Therefore,

IT IS ORDERED that Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause re Entry of Preliminary Injunction (doc. #66), construed as an application for preliminary injunction, is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (doc. #63) is denied.

DATED this 8th day of October, 2008.

Paul G. Rosenblatt
United States District Judge