**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Flores, et al., <br><br>　　　　Plaintiffs, <br>　　vs. <br>Metro Valley Painting Corporation, et al., <br><br>　　　　Defendants. | No. CV-06-2675-PHX-PGR <br><br> SETTLEMENT APPROVAL ORDER |

Pending before the Court is the parties' Updated Joint Motion to Approve Settlement Agreements and Dismiss Lawsuit (doc. #188-1), wherein the parties request the approval of two settlement agreements in this Fair Labor Standards Act overtime pay collective action. Having reviewed the motion, the Court finds that it should be granted.

The parties have proposed two settlement agreements: the Covarrubis Settlement Agreement, which involves only named plaintiff Jesus Covarrubias, and the Second Settlement Agreement, which involves named or opt-in plaintiffs Armando Flores, Israel Hernandez, Everardo Tapia, Luis Fernando Gonzalez, Ramon Baeza, Victor de Lao, Miguel Fajardo Domingou, Armando Fajardo D, Jose Madero, Antonio Marin, Luis Manuel Nunez, Adriana Pena, Wilmer A.

Sanchez, Claudia Solis, Abraham Pena Tavera, Armando Miguel Torres, Francisco C. Garcia, and Pascual Martinez Chavez.

The Court has reviewed the proposed settlement agreements involving the nineteen settling plaintiffs and finds that they constitute fair and reasonable compromises of bona fide disputes under the FLSA. *See* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir.1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.") The Court concludes that the amounts to be paid to the settling plaintiffs as back wages and liquidated damages, and the amount to be paid to the plaintiffs' counsel as mandatory attorneys' fees, are fundamentally fair, adequate and reasonable in light of the complicated factual background of this action.[1] Furthermore, the Court notes that the settling plaintiffs are represented by counsel experienced in FLSA actions, the settlement agreements were entered into after the discovery process was concluded, and there is no evidence that the settlement agreements are the product of collusion between the parties or are the result of fraud or overreaching on the part of the defendants.

The parties have also agreed that the remaining thirty-six opt-in plaintiffs should be dismissed from this action with prejudice on the ground that they have abandoned the prosecution of this action.[2] As noted by the parties, these

---

[1] *See* Counsel's Declaration in Support of Settlement (doc. #195-1, Exhibit (C) of the Second Settlement Agreement).

[2] These plaintiffs are Benjamin Aguilar, Juan Aguilar (aka Juan Aguilar G), Jose Oscar Arrendondo (aka Jose Oscar Arredondo and Jose Oscar

- 2 -

plaintiffs have failed to appear for their deposition or respond to properly propounded discovery requests, have failed to respond to previous attempts by the plaintiffs' counsel or their agents to contact them, have failed to provide the plaintiffs' counsel with any updated contact information, and have failed to respond to a letter from the plaintiffs' counsel sent to their last known address advising them that their claims would be dismissed without any compensation unless they affirmatively responded and contacted the plaintiffs' counsel by August 14, 2009. The Court finds that these thirty-six opt-in plaintiffs should be dismissed from this action with prejudice pursuant to Fed.R.Civ.P. 41(b) for lack of prosecution. Therefore,

    IT IS ORDERED that the parties' Updated Joint Motion to Approve Settlement Agreements and Dismiss Lawsuit Replacing the Parties' Previously

---

Arredondo Sanchez), Isaura Barron, Fernando Bello, Angel Eduardo Amada Briseno (aka Angel Eduardo Amado Briseno and Angel Eduardo Amado), Arroslo Burguett, Adrian Carona, Eliseo de la Cruz (aka Eliseo de la Cruz M. and Eliseo de la Cruz Magana), Jose Luis de la Cruz (aka Jose Luis de la Cruz M. and Jose Luis de la Cruz Magna), Ivan Tapia Diosdado, Dulce Fierros (aka Dulce Diana Fierros), Elio Rascon Figueroa (aka Eliu Rascon Figueroa), Juan Carlos Figueroa, Jesus Manuel A. Gomez (aka Jesus Manuel Aloudia Gomez and Manuel Gomes), Karla Hernandez, Ricardo Leyva (aka Ricardo Leyva U. and Ricardo Urbina Leyva), Ruven Leyva (aka Ruben Leyva), Angel Lopez (aka Angel Lopez O., Angel Lopez Ocampo, and Angel L. Ocampo), Carlos Isabel Lopez (aka Carlos L. Lopez and Carlos I. Lopez Lopez), Cesar Lopez (aka Cesar A.Lopez and Cesar A. Lopez Lopez), Efrain A. Lopez (aka Efrain Antonio Lopez), Jordan Luna, Benjamin Meraz (aka Benjamin Meraz Anarado, Victor Muniz (aka Victor manuel Muniz and Victor Muniz Ochoa), Manuel Munez (aka Manuel Nunez and Juan Manuel Nunez), Roberto Nunes (aka Roberto Nunez), Eleazar Palomares (aka Eleasar Palomares), Juan Pena (aka Juan Pena T. and Jose Juan Pena Tavera), Arturo Rangel (aka Autiro Rangel Sosa), Irima Rascon (aka Ninive Irima Rascon), Jose Luis Ruiz, Antonio Solis, Jesus Alfredo Felix Tomayo (aka Alfredo Tomayo and Jesus Alfredo Fleliz-Tamayo), Ramon Velasquez, and Jorge Yanez (aka Jorge Yanez R. and Jorge Yanez Ramos.)

| | |
|---|---|
| 1 | Filed Joint Motion to Approve Settlement Agreements and Dismiss Lawsuit (doc. |
| 2 | #188-1) is granted in its entirety and that the provisions of the Covarrubias |
| 3 | Settlement Agreement and the Second Settlement Agreement are approved. |
| 4 | IT IS FURTHER ORDERED that this action is dismissed with prejudice. |
| 5 | IT IS FURTHER ORDERED that the Court retains jurisdiction over the |
| 6 | settling parties to enforce the terms of the Covarrubis Settlement Agreement and |
| 7 | the Second Settlement Agreement. |
| 8 | DATED this 27th day of October, 2009. |

Paul G. Rosenblatt
United States District Judge